UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-80001-CR-MIDDLEBROOKS/BRANNON(s)

UNITED STATES OF AMERICA

vs.

JABER ENTERPRISES, INC.
a.k.a. Jaber Enterprises, Inc. d/b/a Fajita's Meat and Fish,

Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and JABER ENTERPRISES, INC., a.k.a Jaber Enterprises, Inc. d/b/a Fajita's Meat and Fish, (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to count one of the superseding indictment, which count charges the defendant with conspiracy, in violation of Title 18, United States Code, Section 371.

2. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court

1

may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant also understands and acknowledges that as to the Section 371 conspiracy count, the Court may impose a statutory maximum term of probation of up to five (5) years, and a fine of up to $500,000 or twice the gross gain or loss from the offense, whichever is greater. In addition to a term of probation and a fine, the Court may order restitution.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $400 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

5. Simultaneous with the signing of this plea agreement, the defendant will provide to the United States a notarized resolution of its directors certifying that the defendant is authorized to plead guilty to the felony offense charged in the superseding indictment, and to enter into and comply with all provisions of this agreement. The resolution shall also authorize the defendant to relinquish to the United States, or any private party so designated by this Office or the Court, the parcel of real estate, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 2508 Egret Lake Drive, Greenacres, Palm Beach County, Florida, 33413 (The Greenacres Property). The resolution shall further authorize the defendant to relinquish to the United States, or any private party so designated by this Office or the Court, all contents of The Greenacres Property, including all furniture, appliances, electronics, and decoration that were contained within The Greenacres Property as of December 10, 2013, with the exception of enumerated items at the discretion of the United States. The resolution shall also authorize the defendant through its representative, Mohammed Jaber, to cooperate and to take whatever steps are necessary to pass clear title to the United States or any private party designated by the United States, including, but not limited to, execution of a quitclaim or warranty deed, consent to a motion to appoint a receiver and to any sale of The Greenacres Property and its contents to a bona fide third party purchaser, and any other assistance requested in facilitating the relinquishment and final sale of The Greenacres Property and its contents. The resolution shall also authorize the defendant, whether or not its period of probation has terminated, to pay the entirety of any additional profit from the sale of The

Greenacres Property to the United States towards the $4 million joint and several restitution obligation of co-defendants ALI JABER and HADI JABER.

6. The resolution shall further certify that its President, Mohamed Jaber, is authorized to take these actions and that all corporate formalities, including but not limited to approval by the defendant's directors, have been observed. The defendant further agrees that its President, Mohamed Jaber, shall appear on behalf of the company to enter the guilty plea and for imposition of the sentence in the United States District Court for the Southern District of Florida.

7. At all relevant times, the defendant was a Florida corporation, registered to do business in the state of Florida. The defendant expressly agrees that it shall not, through a business transaction of any type, including but not limited to, a change of name, business reorganization, sale or purchase of assets, divestiture of assets, or any similar action, seek to avoid the obligations and conditions set forth in this plea agreement. This plea agreement, together with all of the obligations and terms thereof, shall inure to the benefit of and bind assignees, successors in interest, or transferees of the defendant.

8. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

9. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend to the Court that the following findings and conclusions would correctly represent the calculation of a reasonable and appropriate sentence under all the facts and circumstances of this case:

   a. The parties agree to recommend that the defendant be placed on organizational probation for a period of five years;

   b. After six months of probation or upon complete relinquishment and sale to a bona fide third party purchaser of The Greenacres Property and its contents, whichever is later, the parties agree to jointly recommend to the Court the early termination of probation for the defendant.

   c. The defendant is aware that co-defendants ALI JABER and HADI JABER are jointly and severally responsible for restitution in the amount of $4 million, as full restitution of their obligations owed to the United States Department of Agriculture, and any agencies through which it administers the SNAP program, from October, 2006 to the date of entry of their pleas of guilty before the Court. The defendant agrees that, of this $4 million, it shall jointly and severally be responsible for ~~$250,000 in~~ restitution *equal to* ~~$300,000~~ ~~and that~~ all ~~the~~ proceeds from the sale of The Greenacres Property and its contents ~~will be used to satisfy this restitution obligation.~~ The defendant further agrees that, whether or not its period of probation has terminated, the entirety of any additional profit from the sale of The Greenacres Property and its contents shall be paid to the United States towards the

5

$4 million joint and several restitution obligation of co-defendant ALI JABER and HADI JABER. JABER.

d. The parties agree that, for six months while on probation, the defendant shall pay restitution at a rate of $750 per month. *in addition to the Greenacres Property proceeds.*

e. The parties agree to recommend that no personal assets of the defendant's current officers or directors will be forfeited or subject to liquidation or turnover as restitution.

f. The parties agree to recommend that no fine be imposed upon the defendant.

10. The parties further agree that, if the defendant decides not to plead guilty or, after pleading guilty, attempts to withdraw any plea, the statements it has made in the PROFFER OF JABER ENTERPRISES, INC., as well as the statements contained in the PROFFER OF ALI JABER, PROFFER OF HADI JABER, and PROFFER OF DANIEL VELAZQUEZ, as former employees and authorized agents of the defendant, can be used against it for any purpose, including as evidence in the government's case-in-chief against the defendant in any trial. In that regard, the defendant specifically waives any rights he may otherwise have under Federal Rule of Evidence 410 and Rule 11 of the Federal Rules of Criminal Procedure. The parties agree that, as long as the defendant's statements are true, complete, and correct, any statements made are subject to the protections offered in Sentencing Guidelines Section 1B1.8 and cannot be used against the defendant for sentencing purposes other than as contemplated by Sentencing Guidelines Section USSG 1B1.8.

11. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw its plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

12. The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and

7

Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney. *The defendant specifically agrees he shall not appeal any issues relating to restitution.* CB

13. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 5/15/14        By: _____
                         CAROLYN BELL
                         ASSISTANT UNITED STATES ATTORNEY
                         ADAM MCMICHAEL
                         ASSISTANT UNITED STATES ATTORNEY

Date: 5/15/14        By: _____
                         JAMES S. BENJAMIN, ESQ.
                         ATTORNEY FOR DEFENDANT

Date: 5/15/14        By: _____
                         MOHAMED JABER, President
                         JABER ENTERPRISES, INC.,
                         a.k.a. Jaber Enterprises, Inc. d/b/a Fajita's
                         Meat and Fish,
                         DEFENDANT

8

UNANIMOUS WRITTEN RESOLUTIONS
OF THE BOARDOF DIRECTORS OF
JABER ENTERPRISES, INC.,
A.K.A JABER ENTERPRISES, INC. D/B/A FAJITA'S MEAT AND FISH

A.  WHEREAS,

   1. The United States Attorney's Office for the Southern District of Florida (hereinafter "The Government") and JABER ENTERPRISES, INC., a.k.a Jaber Enterprises, Inc. d/b/a Fajita's Meat and Fish (hereinafter "JABER ENTERPRISES, INC."), wish to enter into a plea agreement (hereinafter "The Plea Agreement") pursuant to which JABER ENTERPRISES, INC. will agree, among other things, to plead guilty in the Southern District of Florida to count one of the superseding indictment in Case No. 14-80001-CR-MIDDLEBROOKS/BRANNON(s) (hereinafter "The Superseding Indictment"), which count charges the defendant with conspiracy, in violation of Title 18, United States Code, Section 371.

   2. The Government has requested that JABER ENTERPRISES, INC. furnish evidence of corporate authorizations permitting JABER ENTERPRISES, INC. to enter into The Plea Agreement and to take such action as may be necessary in order to execute, effectuate and finalize the terms of The Plea Agreement.

   3. The Board of JABER ENTERPRISES, INC. desires to enter into The Plea Agreement, and to authorize and approve all actions taken in connection therewith. In order for JABER ENTERPRISES, INC. to provide such evidence, it will be necessary for JABER ENTERPRISES, INC. to:

   a.  execute The Plea Agreement;

   b.  sign any forms, agreements, or notices in order to effectuate the terms of The Plea Agreement; and

   c.  appear on behalf of JABER ENTERPRISES, INC. in order to enter a guilty plea.

B.  NOW THEREFORE, after due and careful consideration, IT IS RESOLVED THAT:

   1. JABER ENTERPRISES, INC. is authorized to plead guilty to one count of conspiracy, in violation of Title 18, United States Code, Section 371, as set forth in The Superseding Indictment, and to enter into and comply with all provisions of The Plea Agreement.

   2. JABER ENTERPRISES, INC. does hereby appoint, authorize and direct Mohamed Jaber, President of JABER ENTERPRISES, INC., with full power to act alone for the purpose of taking any actions he deems necessary or appropriate to effectuate the matters contemplated in The Plea Agreement, to execute The Plea Agreement, and any documents necessary or desirable in order to complete the terms and conditions of The Plea Agreement, and for the purpose of performing any lawful act or thing necessary or desirable in connection with the matters described

in The Plea Agreement and for the purpose of executing (whether under hand or under seal) and delivering on behalf of JABER ENTERPRISES, INC., The Plea Agreement, and other appropriate agreements and other documents customary to the matter of the type described therein, it being acknowledged that the execution and delivery of The Plea Agreement and such other documents by Mohamed Jaber shall be conclusive evidence binding upon JABER ENTERPRISES, INC. of the approval of such documents.

3. JABER ENTERPRISES, INC. has taken all corporate formalities and all further action as may be necessary, desirable or required to observe such authorizations contemplated in The Plea Agreement.

4. Mohamed Jaber is hereby authorized and directed to appear in the Southern District on behalf of JABER ENTERPRISES, INC. in order to enter a guilty plea in the Southern District, and to appear for imposition of the sentence in the Southern District of Florida.

5. JABER ENTERPRISES, INC., by and through Mohamed Jaber, is authorized to relinquish to the United States, or any private party so designated by The Government or the Court, the parcel of real estate, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 2508 Egret Lake Drive, Greenacres, Palm Beach County, Florida, 33413 (hereinafter "The Greenacres Property").

6. JABER ENTERPRISES, INC., by and through Mohamed Jaber, is further authorized to relinquish to the United States, or any private party so designated by The Government or the Court, all contents of The Greenacres Property, including all furniture, appliances, electronics, and decoration that were contained within The Greenacres Property as of December 10, 2013, with the exception of enumerated items at the discretion of the United States.

7. JABER ENTERPRISES, INC., by and through Mohamed Jaber, is further authorized to cooperate and to take whatever steps are necessary to pass clear title to the United States or any private party designated by the United States, including, but not limited to, execution of a quitclaim or warranty deed, consent to a motion to appoint a receiver and consent to any sale of The Greenacres Property and its contents to a bona fide third party purchaser, and any other assistance requested by The Government in facilitating the relinquishment and final sale of The Greenacres Property and its contents.

8. JABER ENTERPRISES, INC., by and through Mohamed Jaber, is further authorized, whether or not its period of probation has terminated, to pay the entirety of any additional profit from the sale of The Greenacres Property to the United States towards the $4 million joint and several restitution obligation of co-defendants ALI JABER and HADI JABER.

9. The execution by Mohamed Jaber of The Plea Agreement shall be conclusive evidence of JABER ENTERPRISES, INC.'s approval thereof.

Date: 5/15/14    By: _____
MOHAMED JABER, President
JABER ENTERPRISES, INC.,
a.k.a. Jaber Enterprises, Inc. d/b/a Fajita's Meat and Fish

Date: 5/15/14    By: _____
JAMES S. BENJAMIN, ESQ.
ATTORNEY FOR
JABER ENTERPRISES, INC.,
a.k.a. Jaber Enterprises, Inc. d/b/a Fajita's Meat and Fish

SWORN TO AND SUBSCRIBED before me this 15th day of May, 2014, by Mohamed Jaber, who produced _____ as identification.

_____
NOTARY PUBLIC
State of Florida

JAMES S. BENJAMIN
Notary Public - State of Florida
My Comm. Expires Jan 21, 2018
Commission # FF 080650

JAMES S. BENJAMIN
Notary Public - State of Florida
My Comm. Expires Jan 21, 2018
Commission # FF 080650

3